IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALTERRA EXCESS & SURPLUS INSURANCE COMPANY,   Plaintiff/Counter-Defendant,  v.  ARROWHEAD CENTER SPE, LLC   Defendant/Counterclaimant. | CIVIL ACTION FILE NO. 1:15-cv-01424-LMM |

## JOINT PROTECTIVE ORDER

The parties, Plaintiff, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY ("ALTERRA"), and Defendant, ARROWHEAD CENTER SPE, LLC ("ARROWHEAD"), by and through their attorneys, agree as follows:

This Joint Protective Order regarding confidentiality ("Protective Order") shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by ARROWHEAD CENTER SPE, LLC, ("ARROWHEAD") to ALTERRA EXCESS & SURPLUS INSURANCE COMPANY ("ALTERRA EXCESS") and through the completion of this action and any and all appeals.

1. "Confidential Information" as used herein, means any information, in whatever form, produced in connection with ALTERRA EXCESS' formal June 23,

1

2015, document demand sent via email from attorney Michelle Sherman, by ARROWHEAD, that the party asserting confidentiality in good faith believes contains, reflects or concerns its trade secrets, confidential business or commercial information or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage.

Confidential Information may not be used or disseminated except as provided in this Protective Order.

Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

## ARROWHEAD'S DOCUMENTS AND INFORMATION

2. At this time, the following categories of documents contain ARROWHEAD'S Confidential Information and are subject to this Protective Order:

1. Arrowhead's articles of organization, including all amendments;
2. Arrowhead's operating agreement, including all amendments;
3. Arrowhead's member agreements, including all amendments;
4. Arrowhead's shareholder agreements, including all amendments;
5. Arrowhead's annual minutes of members' meetings;
6. Arrowhead's business licenses;
7. Arrowhead's federal and state income tax returns for the years 2007 through 2015;

8. I.C. Property Group, Inc.'s articles of incorporation, including all amendments;
9. I.C. Property Group, Inc.'s bylaws, including all amendments;
10. I.C. Property Group, Inc.'s shareholder agreements, including all amendments;
11. I.C. Property Group, Inc.'s minutes of Board of Directors' meetings;
12. I.C. Property Group, Inc.'s minutes of shareholder meetings;
13. I.C. Property Group, Inc.'s resolutions regarding dissolution, including all amendments; and
14. I.C. Property Group, Inc.'s federal and state income tax returns for the years 2007 through 2015, including tax return schedules reflecting income from Arrowhead.

This list is not exhaustive, and should other documents become at issue that ARROWHEAD contends should be included within this Protective Order, ARROWHEAD may at that time request, upon good cause and showing, that the Court should amend this Protective Order to include the new category(ies) of documents to be subject to this Protective Order.

## **CONFIDENTIALITY PROVISIONS**

3. Information, documents, or tangible things that are produced may be designated Confidential Information by affixing the legend "Confidential" to each item or document page so as not to obscure the text of the document in any way. In addition, deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such portion of the deposition wherein the "confidential" disclosed document is substantively discussed is protected by this Protective Order and providing the basis and

privilege for the designation; or (b) stating in writing served upon counsel of record up to thirty (30) days after receipt of the deposition transcript (or if transcript has already been received thirty (30) days after this Order has been entered) that such deposition, or portion thereof, or exhibit is confidential.

    4.    Materials designated as "Confidential" may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

    (A)    The parties in this lawsuit, or their employees involved in the management of this litigation;

    (B)    Counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;

    (C)    Any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation;

    (D)    Independent expert witnesses or consultants, including trial or jury consultants, or other legal counsel retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);

(E) The Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit;

(F) Any mediator or arbitrator selected with the consent of all parties or by order of the Court;

(G) Insurers, reinsurers, reinsurance intermediaries, internal and outside auditors, and insurance regulatory authorities; and

(H) Any other person with the consent of the parties or by order of the Court.

5. Confidential Information shall not be disclosed to any of the persons referred to in paragraphs 6(C) and 7(D) until such persons have been provided with a copy of this Protective Order and have agreed to be bound thereto by signing a copy of Exhibit A attached hereto.

6. All parties shall retain any such signed copies of the Protective Order and make them available to counsel for other parties to this action upon request, except that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

7. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps

to have such matter filed under seal. The parties shall take such steps are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed to the title of the action, the words "Confidential."

      8. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with paragraph III(g) of the Court's Standing Order Regarding Civil Litigation. [As per DE. 4, Standing Order Regarding Civil Litigation, dated 5/01/15]

      9. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective immediately pending approval by the Court.

      10. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

11. Upon termination of this action, unless otherwise ordered by the Court, ALTERRA shall within thirty (30) days return to ARROWHEAD all materials marked "Confidential" or designated Confidential herein (and any copies thereof) at the expense of the requesting party. ALTERRA is obligated to collect all documents designated as "Confidential" herein from any experts, clients, or qualified third-parties to whom the counsel has provided a copy of a document designated as "Confidential." If requested, ALTERRA shall also furnish a certificate of compliance that all confidential materials produced to ARROWHEAD, as well as all summaries, excerpts or copies of such materials, have been collected and returned to the other party at the requesting party's expense.

12. If ALTERRA receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, ALTERRA shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to ARROWHEAD counsel, identifying the Confidential Information sought and enclosing a copy of the subpoena.

13. This Court shall retain jurisdiction over the parties and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

14. No modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties or directed by the Court.

**SO ORDERED**, this 14th day of July, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AGREED TO:

*/s/Michelle A. Sherman*
WAYNE D. TAYLOR
Georgia Bar No. 701275
MICHELLE A. SHERMAN
Georgia Bar No. 835980
MOZLEY, FINLAYSON &
LOGGINS, LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com
*Attorneys for Plaintiff/Counter-Defendant,
Alterra Excess & Surplus Insurance
Company*

*/s/David J. Pettinato*
DAVID J. PETTINATO
Georgia Bar No. 426068
MERLIN LAW GROUP
777 S. Harbour Island Blvd., Suite 950
Tampa, FL  33602
Tel: (813) 229-1000
Fax: (813) 229-3692
dpettinato@merlinlawgroup.com
*Attorney for Defendant/Counterclaimant,
Arrowhead Center SPE, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALTERRA EXCESS & SURPLUS INSURANCE COMPANY,　　　　　)<br>)<br>)<br>　　Plaintiff/Counter-Defendant,　)<br>)<br>v.　　　　　　　　　　　　　　　　)<br>)<br>ARROWHEAD CENTER SPE, LLC　　)<br>)<br>　　Defendant/Counterclaimant.　)<br>_____) | CIVIL ACTION<br>FILE NO. 1:15-cv-01424-LMM |

　　　I have read the Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

　　　I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated:

_____
[Signature]
Print Name _____